# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LINENS HOLDING CO., et al., | Case No. 08-10832 (CSS) |
| Debtors. | Jointly Administered |
| LNT SERVICES, INC., | |
| Plaintiff, | Adv. Pro. No. 09-53148 |
| HORIZON PAPER COMPANY, INC., | |
| Defendant. | |

**ANSWER TO COMPLAINT TO AVOID AND RECOVER
PREFERENTIAL TRANSFERS AND FOR OTHER RELIEF**

Defendant, Horizon Paper Company, Inc. ("Horizon"), by and through its undersigned counsel, as and for its answer to the Complaint to Avoid and Recover Preferential Transfers and for Other Relief, dated December 20, 2009 (the "Complaint"), of LNT Services, Inc. ("Plaintiff"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Denies each and every allegation set forth in paragraph 1 of the Complaint as stating legal conclusions or statements of law for which no response is required and respectfully refers this Bankruptcy Court to the Complaint for the true and complete terms thereof.

## JURISDICTION AND VENUE

2. Denies each and every allegation set forth in paragraphs 2, 3, and 4 of the Complaint as stating legal conclusions or statements of law for which no response is required.

Horizon does not consent to the entry of final orders or judgments by the Bankruptcy Court in this case.

**PARTIES**

3. Admits, upon information and belief, the allegations set forth in paragraph 5 of the Complaint.

4. Admits that Horizon is a corporation, denies knowledge and information sufficient to form a belief as to the truth or falsity of those allegations concerning plaintiff's knowledge and denies each and every remaining allegation set forth in paragraph 6 of the Complaint.

**GENERAL ALLEGATIONS**

5. Denies each and every allegation set forth in paragraph 7 of the Complaint.

6. Denies knowledge and information sufficient to form a belief as to truth or falsity of those allegations concerning Plaintiff's knowledge and intentions with respect to the alleged transfers and denies each and every remaining allegation set forth in paragraph 8 of the Complaint. By way of further answer, Horizon denies that Plaintiff has any right to seek to avoid and recover any transfers not identified in the Complaint and/or to contend that one or more of the alleged transfers constitutes a fraudulent transfer under either the Bankruptcy Code or applicable state law.

**COUNT I**
**(Preferential Transfer Pursuant to 11 U.S.C. § 547(b))**

7. In response to paragraph 9 of the Complaint, Horizon repeats, realleges and incorporates by reference each and every denial and admission heretofore pled with respect to paragraphs 1 through 8 of the Complaint as if fully set forth herein.

8. Denies each and every allegation set forth in paragraphs 10 and 11 of the Complaint.

2

9. Denies each and every allegation set forth in paragraph 12 of the Complaint, except admits that the alleged transfer reflected on Exhibit A to the Complaint was made during the Preference Period.

10. Upon reasonable investigation, Horizon lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraphs 13 and 14 of the Complaint and denies such allegations.

11. Denies each and every allegation set forth in paragraph 15 of the Complaint.

12. Admits the allegations set forth in paragraph 16 of the Complaint.

### COUNT II
### (Recovery of Transfers Pursuant to 11 U.S.C. § 550)

13. In response to paragraph 17 of the Complaint, Horizon repeats, realleges and incorporates by reference each and every denial and admission heretofore pled with respect to paragraphs 1 through 16 of the Complaint as if fully set forth herein.

14. Denies each and every allegation set forth in paragraphs 18 and 19 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15. The allegations set forth in the Complaint fail to state a claim for which relief can be granted and said claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

16. Upon information and belief, Horizon is a mere conduit and, therefore, is not liable for the return of the alleged transfers.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

17. The Complaint is barred by estoppel, laches, fraud, misrepresentation, waiver, release, and/or relinquishment.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

18. The alleged transfers were in payments of debts incurred by one or more of the Debtors in the ordinary course of business or financial affairs of the Debtors and Horizon; were made in the ordinary course of business or financial affairs of one or more of the Debtors and Horizon; and were made according to ordinary business terms. Such alleged transfers are exempt from avoidance pursuant to 11 U.S.C. § 547(c)(2).

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

19. Plaintiff may not avoid the alleged transfers, pursuant to 11 U.S.C. § 547(c)(1), to the extent that such alleged transfers were intended by one or more of the Debtors and Horizon to be contemporaneous exchanges for new value given to the Debtors and, in fact, were substantially contemporaneous exchanges.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

20. Subsequent to the date of the alleged transfers set forth in the Complaint, Horizon gave new value to or for the benefit of one or more of the Debtors that was not secured by an otherwise unavoidable security interest and, on account of which new value, one or more of the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Horizon. As such, the alleged transfers are exempt from avoidance pursuant to 11 U.S.C. § 547(c)(4).

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

21. At the time the alleged transfers were made, upon information and belief currently available, the Plaintiff and/or the Debtors were solvent and did not become insolvent as a result of such transfers.

792817_1

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

22. Based upon information and belief currently available, the alleged transfers did not enable Horizon to receive more than it would have if the case was a case under Chapter 7 of the Bankruptcy Code, the transfers had not been made, and Horizon received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

23. The claims attempted to be set forth in the Complaint are barred by the applicable statute(s) of limitations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

24. Horizon reserves the right to rely on any additional defenses that become available or apparent during discovery proceedings in this action, and Horizon respectfully reserves the right to amend this Answer for the purpose of asserting such additional defenses.

WHEREFORE, it is respectfully submitted that judgment be entered in favor of Horizon, dismissing with prejudice Plaintiff's Complaint in its entirety, denying the Plaintiff's requests for relief, and granting Horizon such other and further relief as this Court deems just and proper.

Dated: January 22, 2010

    FERRY, JOSEPH & PEARCE, P.A.

    /s/ Theodore J. Tacconelli
    Theodore J. Tacconelli (No. 2678)
    824 Market Street, Suite 1000
    P. O. Box 1351
    Wilmington, DE 19899
    (302) 575-1555

    -and-

Daniel G. Gurfein
Pamela A. Bosswick
SATTERLEE STEPHENS BURKE
& BURKE LLP
230 Park Avenue
New York, New York 10169
Tel. (212) 818-9200
Fax (212) 818-9606
dgurfein@ssbb.com
pbosswick@ssbb.com

Attorneys for Horizon Paper Company, Inc.